```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION


Winner Dawan Mate,              :

      Plaintiff,                :

   v.                           :    Case No.  2:15-cv-2986

                                :    JUDGE GEORGE C. SMITH
Commissioner of Social Security,     Magistrate Judge Kemp
     et al.,
                                :
      Defendants.
```

REPORT AND RECOMMENDATION

Plaintiff, Winner Dawan Mate, filed this action against the Commissioner of Social Security and certain of its employees. This matter is now before the Court on two motions: (1) the plaintiff's motion for a guardian *ad litem* (Doc. 5) and the defendants' motion to dismiss (Doc. 17).  Both motions are ripe for decision.  For the following reasons, it will be recommended that the plaintiff's motion for a guardian *ad litem* be denied and the defendants' motion to dismiss be granted.

I. Introduction

Mr. Mate filed this action against the Commissioner of Social Security, Patrice Merchant, Harry Liggins, and Gina Workman, seeking (1) judicial review of the back-payment calculation of his Supplemental Security Income benefits ("SSI"); (2) a review of an SSI overpayment waiver determination; and (3) a judgment against the defendants for banning him from the Social Security Administration ("SSA") offices.  In support of their motion to dismiss, the defendants provide a Declaration of Roxie Nicoll, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations of the Office of Disability Adjudication and Review of the SSA (Doc. 17, Exhibit 1) which the

Court has reviewed in conjunction with the complaint and remainder of the record.

The facts are summarized as follows. On May 1, 2013, Mr. Mate was awarded lump sum retroactive Title XVI SSI benefits for a period of disability beginning in February of 2006. Mr. Mate sought an administrative review of the lump sum benefits and, according to the defendants' motion, his application for review was initially misplaced, but is currently being reviewed by the SSA. It was separately determined that there had been an overpayment of the lump sum benefits in the amount of $1,247.00 for time in March 1999 and January-February 2002 during which he was incarcerated and therefore not entitled to SSI benefits during those time periods. Id. at ¶3. The SSA wished to withhold the overpayment from Mr. Mate's retroactive SSI payments. Mr. Mate filed a request for waiver of overpayment recovery, which the SSA denied. He then sought reconsideration of the denial, which was also unsuccessful. Mr. Mate was given the opportunity to request a hearing on the matter before an administrative law judge, but did not do so. Id. at ¶3.

Mr. Mate filed this lawsuit on February 26, 2016 against the Commissioner of Social Security and three individual employees of the SSA, seeking a review of his lump sum backpayment award plus interest, penalties and taxes, as well as the overpayment waiver determination. He also seeks an order to grant him "equal access" to the SSA offices. The equal access claim stems from Mr. Mate's claim that he was barred from the SSA offices by the defendants.

## II. Legal Standard

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a

facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations. When facts presented to the district court give rise to a factual controversy, the district court must weigh the evidence to conclude whether or not subject matter jurisdiction exists. In reviewing these motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. Ohio Natl. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1998). "A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." Id. It is with these standards in mind that the defendants' motion to dismiss will be considered.

### III. Discussion

The Social Security Act (the "Act") provides the basis for judicial review of SSA benefits, which is available only after a benefit claimant receives a final decision from the Commissioner of Social Security. 42 U.S.C. §405(g). As an initial matter, Mr. Mate names three individual defendants in his complaint who work for the SSA. The defendants correctly point out that lawsuits pursuant to the Act are permitted against the Commissioner of Social Security only, not individually named employees of the SSA. Thus, the claims against Mr. Merchant, Mr. Liggins, and Ms. Workman are invalid.

A Social Security claimant must complete a four-step administrative review process to obtain a final decision that may be the basis for a lawsuit in federal court. Califano v. Sanders, 430 U.S. 99, 102 (1977). The defendants' primary argument in support of dismissal is that Mr. Mate has failed to

obtain a final decision within the meaning of the Act, which provides that "[a]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow..."  The defendants' argument constitutes a factual attack challenging the existence of the Court's subject matter jurisdiction to hear this claim. With respect to Mr. Mate's claims, he did seek to review the determination of his lump sum backpayment, but the SSA initially misplaced the claim, which is now being processed.  However, in order for the Court to have jurisdiction over that claim he must receive a final decision.

The Court of Appeals has described the SSI benefits review process as an "unusually protective four step process to facilitate the orderly and sympathetic administration of disputed claims which culminates in a final decision of the Secretary subject to judicial review."  Willis v. Sullivan, 931 F.2d 390, 397 (6th Cir. 1991).  First, a claimant is entitled to an initial determination of disability.  Second, the claimant may request a *de novo* reconsideration of the initial determination.  Third, if still dissatisfied, the claimant is entitled to an evidentiary hearing and a *de novo* review before an Administrative Law Judge ("ALJ"). Fourth, the claimant may take an appeal to the Appeals Council.  Only then claimant may then seek judicial review in federal district court. Thus, for purposes of the finality requirement of § 405(g), a claim only becomes final for judicial review in a federal district court after the Appeals Council renders its decision.  Because Mr. Mate has not received a final decision with respect to his first two claims, the Court lacks subject matter jurisdiction and those claims must be dismissed.

Mr. Mate also alleges that after he moved to reconsider the denial of overpayment waiver, the SSA "retaliated by banning Plaintiff from SSA offices." (Doc. 3 at 4). The defendants do not deny that he was banned from SSA offices, but Mr. Mate does not provide any evidence of retaliation. The defendants assert that SSA offices are permitted to ban individuals from entering SSA offices. Restricting access to SSA offices is acceptable because the individuals have a number of other means to seek and receive services from the SSA, such as online, telephone, correspondence, or authorizing a representative to seek assistance on their behalf. In fact, Mr. Mate used an authorized representative to assist him in receiving his lump sum backpayment of benefits. There are also regulations in place that provide for individuals to appeal any ban from SSA offices within 60 days of the ban, and to periodically seek reconsideration. 20 C.F.R. §422.905-906. The defendants also cite to case law which supports the notion that an individual's right of access to federal property can be reasonably limited in the interest of safety. See Downing v. Kunzig, 454 F.2d 1230, 1232 (6th Cir. 1972); United States v. Cassiagnol, 420 F.2d 868, 875 (4th Cir. 1970). Accepting as true that Mr. Mate was banned from SSA offices, some bans are within the parameters of the Commissioner of the SSA's authority, and Mr. Mate has not pleaded any facts making it plausible that his ban was improper. Consequently, this claim is also subject to dismissal.

### III. Conclusion

For the foregoing reasons, it is recommended that the defendants' motion to dismiss (Doc. 17) be granted. It is further recommended that the plaintiff's motion for a guardian *ad litem* (Doc. 5) be denied as moot.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge